UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE SMILEY,
    Plaintiff,

vs.

GOVERNMENT SEAL, *et al.,*
    Defendant.

Case No. 1:14-cv-191

Dlott, C.J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff brings this *pro se* action against the Government Seal, Barbara Bush, Hillary Clinton and Michelle Obama. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed for frivolousness.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166

L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id*.; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff's proposed complaint does not contain complete sentences and/or any rational statements. The complaint does not include any claim of relief, nor state the basis of this action. (Doc 1 at 2-4). In light of the foregoing, the undersigned finds that Plaintiff's complaint is not based on any factual or legal basis and should be dismissed

2

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, Plaintiff has filed seven complaints in the last five months. See *Smiley v. Eynsen*, Case No. 1:13-cv-00807-HJW-SKB (S.D. Ohio filed 11/05/13) (R&R to dismiss as frivolous pending); *Smiley v. Corlett et al*, Case No.1:13-cv-00815-MRB-KLL (S.D. Ohio filed 11/07/13); *Smiley v. Farrakhan*, Case No. 1:14-cv-00181-SJD-SKB (S.D. Ohio filed 02/26/14) (R&R to dismiss as frivolous pending); *Smiley v. Berry*, Case No. 1:14-cv-00209-MRB-KLL (S.D. Ohio filed 03/10/14) (motion to proceed i*n forma pauperis* pending); *Smiley v. The View Channel 9 et al*, Case No.1:14-cv-00210-TSB-SKB (S.D. Ohio filed 03/10/14) (motion to proceed *in forma pauperis* pending); *Smiley v. Judge Nadean*, Case No.1:14-cv-00087-MRB-SKB (S.D. Ohio filed 01/29/14) (dismissed).

Because the plaintiff has inundated this Court with complaints containing incoherent and irrational allegations, Plaintiff is hereby **NOTIFIED** that if he continues to submit similar complaints, he may be subject to sanctions. A *pro se* litigant may not flagrantly ignore relevant procedural or substantive rules of law. The Court has the inherent power to prevent abuse of the judicial process, including the imposition of sanctions against a party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 (6th Cir. 2002). The Court is also empowered under Federal Rule 11 to impose sanctions against a party who violates the dictates of the Rule. Pursuant to Fed. R. Civ. P. 11(a), a *pro se* litigant must sign every pleading, written motion, and other paper submitted to the Court for filing. By

signing documents filed with this Court, plaintiff is certifying that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," (1) such documents are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation;" (2) "the claims, defenses, and other legal contentions [contained therein] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and (3) "the factual contentions [contained therein] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)-(3). The Court may impose appropriate sanctions against a *pro se* litigant for a violation of Rule 11. See *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 548 (1991) (Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard."); *Spurlock v. Demby*, No. 92-3842, 1995 WL 89003, at * 2 (6th Cir. Mar. 2, 1995) (Rule 11 does not provide a different standard for attorneys and non-attorneys); see also *Doyle v. United States*, 817 F.2d 1235 (5th Cir. 1987). "[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). A Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers v. Chevon*

*U.S.A., Inc., et al.*, 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits.

**Accordingly,** for these reasons, it is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B), with notice to plaintiff that he may be subject to sanctions if he continues to file frivolous lawsuits with this Court, including, but not limited to, a pre-filing restriction that would prohibit the filing of any additional complaints without leave of Court. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ANDRE SMILEY,<br>　　　　Plaintiff, | Case No. 1:14-cv-191 |
| vs. | Dlott, C.J.<br>Bowman, M.J. |
| GOVERNMENT SEAL, et al.,<br>　　　　Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).